**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Juan Pablo Castano Rendon,<br><br>                        Petitioner,<br><br>        -v-<br><br>Pam Bondi, *Attorney General of the United States*;<br>Markwayne Mullin, *Secretary of the Department of*<br>*Homeland Security*; Todd M. Lyons, *Acting Director,*<br>*United States Immigration and Customs Enforcement*; Brian<br>Flanagan, *Acting Deputy Field Office Director for ICE in*<br>*New York City Area*,<br><br>                     Respondents. | 2:26-cv-1361<br>(NJC) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

On March 9, 2026, Juan Pablo Castano Rendon, a person with no criminal history and a U.S. resident for around 17 years, filed this Petition seeking a writ of habeas corpus under 28 U.S.C. § 2241 to challenge the lawfulness of his detention by Immigration and Customs Enforcement ("ICE"). (Petition for Writ of Habeas Corpus ("Pet."), ECF No. 1 at ¶¶ 1–5.) That detention began earlier in the day on March 9, 2026, when ICE officers detained him in the course of a vehicle stop and thereafter transported him to the Nassau County Correctional Center ("NCCC"). (*Id*. ¶¶ 5–6.) The Petition argues that ICE's detention of Mr. Castano Rendon without notice and opportunity to be heard since March 9, 2026, violates his substantive and procedural due process rights under the Due Process Clause of the Fifth Amendment to the U.S. Constitution, Immigration and National Act provisions 8 U.S.C. § 1225(b)(2) ("Section 122(b)(2)") and 8 U.S.C. § 1226(a) ("Section 1226(a)"), and the Administrative Procedures Act ("APA"). The Petition seeks the following relief: (1) a declaration that Mr. Castano Rendon's

detention violates the Due Process Clause of the Fifth Amendment and the APA; (2) a writ of habeas corpus requiring Respondents to release him from ICE custody; and (3) any further relief this Court deems just and proper.[1] (Pet. at 12.). For the reasons explained below, the Petition is GRANTED.

Respondents are federal government officials named in their official capacities: (1) Pam Bondi, the Attorney General of the United States; Markwayne Mullin, the Secretary of the Department of Homeland Security[2]; Todd M. Lyons, the Acting Director of ICE; and Brian Flanagan, the Acting Deputy Field Office Director for ICE in New York City.

Respondents have no objection to this Court deciding the Petition on the papers in lieu of a hearing. (Mot. for Extension of Time to File Complete Response ("March 10 Resp."), ECF No. 5 at 3; Resp. to Order to Show Cause ("March 11 Resp."), ECF No. 6 at 2.)[3] They rely on and

---

[1] The Petition also seeks: (1) an order requiring Respondents to show cause why the writ should not be granted within three days; (2) an order prohibiting Mr. Castano Rendon's removal outside of the New York City metropolitan area to allow him to meaningfully participate in these proceedings; and (3) for the Court to assume jurisdiction over this matter. (Petition at 12.) The Court has effectively granted such relief through the issuance of a March 10, 2026 Order to Show Cause, which required Respondents to provide their response to the Petition by Thursday, March 12, 2026, at the latest, and prohibited Respondents from removing Mr. Castano Rendon from the United States or transferring him outside of the Eastern District of New York, Southern District of New York, and District of New Jersey absent further order of the Court.

[2] The Petition names Kristi Noem, the former Secretary of Department of Homeland Security, as a Respondent. Pursuant to Fed. R. Civ. P. 25(d), Acting Department of Homeland Security Secretary Markwayne Mullin is automatically substituted for Noem as a Respondent in this action. The Clerk of Court is respectfully directed to update the case caption consistent with this substitution.

[3] On March 10, 2026, Respondents filed a partial response to this Court's Order to Show Cause, coupled with a Motion for an Extension of Time to provide additional documents and a sworn declaration from a government official with personal knowledge of the facts on which Respondents rely in any opposition to the Petition in compliance with the Court's Order to Show Cause. (March 11 Resp. at 1; Order to Show Cause, ECF No. 3 at 2.) The Court granted

2

incorporate by reference the arguments they made to this Court in response to a habeas petition by another ICE detainee in *Rodriguez-Acurio v. Almodovar*, No. 25-cv-6065 (E.D.N.Y.). (March 10 Resp. at 2 (citing Respondents' brief located at ECF No. 14 of *Rodriguez-Acurio*, No. 25-cv-6065); March 11 Resp. at 2.)

Respondents argue that ICE's detention of Mr. Castano Rendon falls under 8 U.S.C. § 1225(b)(2) ("Section 1225(b)(2)"), which governs the mandatory detention of certain noncitizens who are "seeking admission" to the United States. (*Id*.) According to Respondents, Section 1225(b)(2) requires Mr. Castano Rendon's detention, and he has no right to any additional process under the Due Process Clause. Respondents' position is that any noncitizen who entered the United States without authorization at any time is subject to detention under Section 1225(b)(2), notwithstanding the fact that they have been residing in the interior of the country for months, if not years.

Respondents are incorrect for the reasons explained by this Court in *Rodriguez-Acurio v. Almodovar*, __ F. Supp. 3d __, No. 25-cv-6065, 2025 WL 3314420 (E.D.N.Y. Nov. 28, 2025), *appeal voluntarily dismissed*, No. 26-219 (2d. Cir. Feb. 25, 2026), and that decision is incorporated by reference in its entirety in this Order.

Detention under Section 1225(b)(2) only applies to noncitizens who, among other things, are "seeking admission" to the United States. *Id*. at *22. Here, Mr. Castano Rendon is not "seeking admission" because he clearly is not presenting himself at the border and was not

---

Respondents an extension of time to provide additional submissions by March 11, 2026 at Noon. On March 11, 2026, Respondents filed a supplemental response attaching a sworn declaration from ICE Deportation Officer Patrick Heerey along with attachments that "are the same documents submitted as Exhibits A-C to Respondents' Combined Partial Response and Request for Additional Time." (March 11 Resp. at 1.)

recently apprehended just after entering this country. Rather, at the time that ICE detained him, Mr. Castano Rendon had been living in the interior of the United States since around 2009,[4] had no criminal history, and had a minor daughter who is a U.S. citizen.

Respondents offer no new arguments to support their position that *any* non-citizen apprehended in the interior of the United States is subject to mandatory detention under Section 1225(b)(2). (March 10 Resp. at 1–3; March 11 Resp. 1–2.) The vast majority of courts throughout this District, Circuit, and even the country have rejected Respondents' expansive interpretation of Section 1225(b)(2). *See Barco Mercado v. Francis*, __ F. Supp. 3d __, No. 25-cv-6582, 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) ("[T]he administration's new position that *all* noncitizens who came into the United States illegally, but since have been living in the United States, *must be detained* until their removal proceedings are completed—has been challenged in at least 362 cases in federal district courts. The challengers have prevailed, either on a preliminary or final basis, in 350 of those cases decided by over 160 different judges sitting in about fifty different courts spread across the United States.").

The Second Circuit has not addressed whether Section 1225(b)(2) requires the detention of any non-citizen encountered by ICE in the interior of the United States, although several cases raising this issue are on appeal.[5] The Seventh Circuit recently suggested that Section 1225(b)(2)

---

[4] The Petition states that Mr. Castano Rendon first entered the United States in or around 2007, but Respondents' submit a Form 1-200 and Notice to Appear that are both dated 2009 and indicate that he entered in 2009. (*See* Petition ¶ 1; Jul. 2009 Form I-200, March 11 Resp. Ex. A, ECF No. 5-1 at 1; *Id*. at 3 (Notice to Appear stating Mr. Castano Rendon entered the United States on or about July 10, 2009.)

[5] *See, e.g.*, *Cunha v. Moniz*, 6:25-cv-6532 (W.D.N.Y. Nov. 25, 2025), *appeal docketed,* No. 25-3141 (2d. Cir. Dec. 12, 2025); *Chen v. Almodovar*, 1:25-cv-8350 (S.D.N.Y. Dec. 4, 2025), *appeal docketed*, No. 25-3169 (2d. Cir. Dec. 17, 2025); *Candido v. Bondi*, No. 1:25-cv-867 (W.D.N.Y. Dec. 4, 2025), *appeal docketed*, No. 25-3159 (2d. Cir. Dec. 17, 2025).

does not apply to noncitizens who are already residing in the United States. *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025).[6] The Fifth Circuit recently reached the opposite conclusion. *Buenrostro-Mendez v. Bondi*, __ F. Supp. 3d __, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026).

This Court has conducted its own careful assessment of the law and the facts. In the absence of Second Circuit precedent to the contrary, this Court continues to conclude, as set forth in detail in *Rodriguez-Acurio*, that Respondents' position that Section 1225(b)(2) requires the detention of a non-citizen apprehended in the interior of the United States notwithstanding the fact that the non-citizen has continuously resided in this country for months, if not years, is unsupported by the statutory text.[7]

Moreover, nothing in the record shows that ICE arrested and detained Mr. Castano Rendon under Section 1225(b)(2) rather than Section 1226(a). (*See* Warrant, March 10 Resp. Ex. C, ECF No. 5-1 at 11 (reflecting that Mr. Castano Rendon was served with an arrest warrant

---

[6] In *Castanon-Nava*, the Seventh Circuit reasoned:

> [T]he mandatory detention provision upon which Defendants rely, limits its scope to an "applicant for admission" who is "seeking admission," § 1225(b)(2)(A). Put another way, "U.S. immigration law authorizes the Government to detain certain aliens *seeking admission* into the country under §§ 1225(b)(1) and (b)(2). It also authorizes the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings under §§ 1226(a) and (c)."

161 F.4th at 1061 (emphasis in original, quoting *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018)).

[7] Respondents rely on *Saamishvili v. Flanagan*, et al., No. 25-cv-6178, 2026 WL 377574, at *3 (E.D.N.Y. Feb. 11, 2026), to support their expansive interpretation of Section 1225(b)(2) in this case. (ECF No. 10). This Court respectfully disagrees with *Saamshvili* about the scope of Section 1225(b)(2). Additionally, the petitioner in that case was subject to an order of removal, and it is unclear whether the removal order was final such that a different INA provision—8 U.S.C §1231(a)(2)(A)—governed the petitioner's detention pending removal.

issued pursuant to "sections 236 and 287 of the Immigration and Nationality Act and part 287 title 8, Code of Federal Regulations," which correspond to 8 U.S.C. §§ 1226 and 1357 and 8 C.F.R. §§ 287.1–287.12, not 8 U.S.C. § 1225(b)(2)). Respondents first invoked Section 1225(b)(2) as the basis for Mr. Castano Rendon's detention in the course of this litigation. (March 10 Resp. at 2; March 11 Resp. at 1.) The Supreme Court has recognized that a "post-hoc rationalization" first articulated in litigation carries little weight. *Dep't of Homeland Sec. v. Regents of the Univ. of Cal*, 591 U.S. 1, 21 (2020) (quoting *Citizens to Preserve Overton Park, Inc., v. Volpe*, 401 U.S. 402, 420 (1971)); *see also Islander E. Pipeline Co., LLC v. Connecticut Dep't of Env't Prot.*, 482 F.3d 79, 95 (2d Cir. 2006) ("It is well established that an agency's action must be upheld, if at all, on the basis articulated by the agency itself."). As courts in the Southern District of New York have recognized, "the Court cannot credit Respondents' new position as to the basis for [petitioner's] detention, which was adopted post hoc and raised for the first time in this litigation." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025); *see also Yao v. Almodovar*, No. 25-cv-9982, 2025 WL 3653433, at *4 (S.D.N.Y. Dec. 17, 2025) (discrediting respondents' post-hoc justification for petitioner's detention and finding that "ICE is properly held to its representation, *when it detained* [petitioner], as to the legal basis for that action" (emphasis added)); *see Rueda Torres v. Francis*, No. 25-cv-8408, 2025 WL 3168759, at *5 (S.D.N.Y., 2025 Nov. 13, 2025) (slip copy) (same).

Accordingly, ICE's detention of Mr. Castano Rendon is governed by the discretionary detention framework set forth in a different provision of the Immigration and Nationality Act, 8 U.S.C. § 1226(a). For the reasons explained in *Rodriguez-Acurio*, which are incorporated by reference here, Mr. Castano Rendon has a liberty interest in being free from detention that is afforded procedural due process protection, notwithstanding Respondents' invocation of

6

*Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103 (2020), and other cases. March 10 Resp. at 1–2; March 11 Resp. at 1; *see also Rodriguez-Acurio*, 2025 WL 3314420, at *25–27 (finding that petitioner's situation is distinguishable from *Thuraissigiam* and that petitioner has a liberty interest that is afforded procedural due process protection).[8]) ICE's detention of Mr. Castano Rendon without notice and opportunity to be heard infringes on that liberty interest and triggers the right to procedural due process.

The balancing test set forth in *Matthews v. Eldridge*, 424 U.S. 319, 335 (1976), applies to procedural due process claims and requires this Court to consider: (1) the private interest that will be affected by the official action; (2) the risk of erroneous deprivation of that interest through the procedures used; and (3) the government's interest, including the fiscal and administrative burdens that the additional or substitute procedures would entail. Applying this balancing test, Respondents' detention of Mr. Castano Rendon since March 9, 2026, violates his Fifth Amendment rights to procedural due process for the same reasons as those set forth in *Rodriguez-Acurio*.

Here, ICE's detention of Mr. Castano Rendon without any notice or opportunity to be heard infringes on "the most significant liberty interest there is—the interest in being free from imprisonment." *Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020). Moreover, there is a high risk of erroneous deprivation through the procedures used to detain Mr. Castano Rendon because Respondents failed to provide *any* notice or any opportunity to be heard before a Department of Homeland Security officer or immigration judge before ICE detained him on

---

[8] Although the Respondents do not discuss *Thuraissigiam* in any way, because they incorporate their legal brief filed in opposition to the petition in *Rodriguez-Acurio*, this Court assumes they seek to rely on it.

March 9, 2026. Finally, Respondents fail to address any of the *Matthews v. Eldridge* factors, much less any government interests advanced by ICE's detention of Mr. Castano Rendon without notice or an opportunity to be heard. Although the Attorney General may have a legitimate government interest in ensuring the appearance of noncitizens at immigration proceedings and preventing danger to the community, there is absolutely nothing in the record showing that Mr. Castano Rendon presents a flight risk or danger to the community.

Moreover, nothing in the record suggests that a DHS officer made *any* individualized determination that Mr. Castano Rendon presented a danger or flight risk prior to ICE's arrest and detention of him on March 9, 2026. Patrick Heerey, a Deportation Officer with ICE, attests that two ICE officers and two U.S. Internal Revenue Service agents on detail with ICE conducted a Department of Motor Vehicles ("DMV") records check of a vehicle in a Farmingdale parking lot, discovered it was registered in Mr. Castano Rendon's name, and then conducted searches of additional databases to discover that he is a Colombian citizen in the United States without authorization. (Decl. of Patrick Heerey ("Heerey Decl."), ECF No. 6-1 ¶¶ 15–17.) Heerey does not address *why* ICE selected Mr. Castano Rendon's vehicle for such a check. (*Id*. ¶¶ 16–17.) Heery attests that Acting Supervisory Detention and Deportation Officer Michael Damiano completed and signed a Form I-200 Warrant of Arrest. (Heerey Decl. ¶¶ 19–20; Form I-200 ("2026 Form I-200"), March 11 Resp. Ex. E, ECF No. 6-2 at 13.) He further attests that the officers observed Mr. Castano Rendon exit a store, enter his vehicle, and drive away, after which they conducted a vehicle stop, asked him for identification and, upon confirming his identity, arrested him and transported him to the NCCC. (Heerey Decl. ¶¶ 21–30.)

At no point during these events did any of the officers involved conduct an initial custody determination to determine whether Mr. Castano Rendon presented a risk of flight or danger to

the community. Based on the record, the ICE officers who arrested and detained Mr. Castano Rendon had no reason to believe that he presented any such risks.

Accordingly, weighing all of the *Mathews v. Eldridge* factors—the significant liberty interest at stake, the high risk of erroneous deprivation, and Respondents' failure to demonstrate that Mr. Castano Rendon's detention was required to advance any legitimate government interest in preventing danger to the community or ensuring appearance at removal proceedings—Respondents' detention of Mr. Castano Rendon with no notice or opportunity to be heard violates his Fifth Amendment rights to procedural due process. Thus, ICE's detention of Mr. Castano Rendon was unlawful from its inception, notwithstanding Respondents' expansive interpretation of Section 1225(b)(2).[9] *See Lopez Benitez*, 795 F. Supp. 3d at 486; *Rueda Torres*, 2025 WL 3168759, at *5.

Upon finding a constitutional violation, a district court "may" grant a writ of habeas corpus and "dispose of the matter as law and justice require." 28 U.S.C §§ 2241(a), 2243. Release from detention is the "typical remedy" for "unlawful executive detention." *Munaf v. Green*, 553 U.S. 674, 693 (2008). In *Rodriguez-Acurio*, this Court provided the legal basis for ordering release from ICE detention as well as limited injunctive relief enjoining Respondents from invoking Section 1225(b) as the basis for subjecting a non-citizen habeas petitioner to

---

[9] Although Respondents do not explicitly invoke 8 U.S.C. § 1225(b)(1) as the basis for ICE's detention of Mr. Castano Rendon, that provision is plainly inapplicable to him. Mr. Castano Rendon is not subject to mandatory detention pending expedited removal as an "arriving alien" under Section 1225(b)(1)(A)(i). *See Rodriguez-Acurio*, 2025 WL 3314420, at *19. Nor do Respondents even argue, much less show, that he falls within any category of non-citizens who are designated by the Attorney General or their delegate as eligible for mandatory detention pending expedited removal under the statute's Designation Provision, 8 U.S.C § 1225(b)(1)(A)(iii). *See id*. at *15. Accordingly, ICE's detention of Mr. Castano Rendon since March 9, 2026, is pursuant to the discretionary detention scheme of Section 1226(a), not the mandatory detention scheme of either Section 1225(b)(2) or Section 1225(b)(1).

mandatory detention, absent a change in relevant circumstances. *See Rodriguez-Acurio*, 2025 WL 3314420, at *31–32.

For those same reasons, in this action, "dispos[ing] of the matter as law and justice require," 28 U.S.C. § 2243, necessitates both the immediate release of Mr. Castano Rendon from ICE custody and narrow injunctive relief guarding against re-detention in violation of this Court's determination that Mr. Castano Rendon is not subject to mandatory detention under Section 1225(b). As in *Rodriguez-Acurio*, the limited grant of injunctive relief to guard against re-detention by ICE without a bond hearing on the basis of Section 1225(b)(2) absent a change in relevant circumstances falls within the "core of habeas," *Thuraissigiam*, 591 U.S. at 119, because it is necessary to ensure that the release of Mr. Castano Rendon is not rendered meaningless.

Additionally, Mr. Castano Rendon "is entitled to release from the unlawful restrictions on his liberty—which means, in the circumstances here, restoration of" the status quo ante. *Khabazha v. United States Immigr. & Customs Enf't*, No. 25-cv-5279, 2025 WL 3281514, at *8 (S.D.N.Y. Nov. 25, 2025) (ordering government to release petitioner from "restrictions on his liberty imposed as a result of his unlawful [detention] . . . including the ankle monitor and reporting requirements"). Prior to his unlawful detention, Mr. Castano Rendon was not subject to any electronic monitoring requirements by ICE. Accordingly, "dispos[ing] of the matter as law and justice require," 28 U.S.C. § 2243, and "restor[ing] . . . the status quo ante," *Khabazha*, 2025 WL 3281514, at *8, requires that Respondents release Mr. Castano Rendon without any condition for electronic monitoring, including but not limited to GPS monitoring.

**CONCLUSION**

Accordingly, for all of these reasons explained in this Memorandum and Order and those set forth in *Rodriguez-Acurio*, the Petition is granted in full. Respondents must coordinate with Petitioner's counsel and thereafter release Petitioner, without any electronic monitoring, including but not limited to GPS monitoring, into the physical care of their counsel or another mutually agreed upon person at the earliest possible time agreed upon by the parties, but no later than **March 11, 2026 at 8:00 p.m**. Respondents must release Petitioner with all of his belongings that are in Respondents' possession, including but not limited to all identification cards, clothing, and money. Respondents shall confirm compliance with these directives, including by identifying the individual to whom Petitioner was released and confirming that all identification cards and other belongings were in fact returned, in a filing on the docket by **March 11, 2026 at 11:59 p.m**.

Additionally, pending the issuance of any final removal order against Mr. Castano Rendon, Respondents are enjoined from denying Mr. Castano Rendon bond in any subsequent proceeding on the basis that he must be detained pursuant to 8 U.S.C. § 1225(b), absent a change in relevant circumstances consistent with this Order.

The Court concludes that the other arguments set forth in the Petition for granting Mr. Castano Rendon the requested relief, including arguments that the detention violates the Fifth Amendment right to substantive due process and the APA, are now moot and unnecessary to resolve.

11

The Show Cause hearing scheduled for March 13, 2026 at 2:00 p.m. in the Alfonse

D'Amato U.S. Courthouse is therefore adjourned. The matter is held in abeyance.


Dated: Central Islip, New York
       March 11, 2026


    */s/ Nusrat J. Choudhury*
NUSRAT J. CHOUDHURY
United States District Judge